# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MILES K. HAWTHORNE,**

    Plaintiff,

**v.**                                               **CIVIL ACTION NO. 3:14-CV-81**
                                                                    **(JUDGE GROH)**

**SLOAN GIBSON, Acting Secretary**
**U.S. Department of Veterans Affairs,**

    Defendant.

## ORDER DISMISSING COMPLAINT UPON PRELIMINARY REVIEW

This matter is currently before the Court on Plaintiff Miles K. Hawthorne's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2]. On July 21, 2014, Plaintiff filed a *pro se* Complaint against Sloan Gibson, acting Secretary of the United State Department of Veterans Affairs. Plaintiff alleges the Department of Veterans Affairs' medical center in Martinsburg, West Virginia engaged in discrimination and harassment. He also alleges that the Department of Veterans Affairs violated a cease and desist order. Additionally, Plaintiff alleges the Department of Veterans Affairs failed to respond to a request he made for information pursuant to the Freedom of Information Act ("FOIA").

### I. Standard of Review

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The Court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs." L. R. Gen. P. 3.01; see also 28 U.S.C. § 1915(a)(1). The plaintiff files this affidavit along with his or her

request or motion for leave to proceed *in forma pauperis*. The United States Supreme Court has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing a case filed by a plaintiff proceeding *pro se*, the court liberally construes the complaint. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Under the federal *in forma pauperis* statute, a case may be dismissed if the court finds the complaint to be frivolous. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 540 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

2

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court may dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a *pro se* plaintiff's pleadings are liberally construed, a plaintiff's complaint must contain factual allegations that are sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires [Plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Indeed, a plaintiff must articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim entitling him or her to relief. Id.

## II. Analysis

In Plaintiff's Complaint, he has alleged three sub-parts as "facts" of the case. However, the substance of the sub-parts are Plaintiff's alleged claims for relief.

**1. Discrimination and Harassment**

Plaintiff has filed a two-page bare-bones complaint with minimal factual allegations. Plaintiff merely states that he is requesting a *de novo* hearing of certain agency complaints "against officials at the Department of Veterans Affairs Medical Center in Martinsburg, WV, alleging discrimination and harassment." A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 540 U.S. at 555. Additionally, a plaintiff must state "the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions." Id. In this case, the Court is bound to liberally construe Plaintiff's *pro se* Complaint. However, Plaintiff must do more than make mere conclusory statements to support his claim. Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's

3

dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face). Plaintiff's Complaint fails to allege facts to support this claim, and it therefore fails to state a claim on which relief may be granted.

### 2. Violation of a Cease and Desist Order

Next, Plaintiff alleges that "in the course of engaging in harassing acts that the Agency additionally violated a Cease and Desist Order issued by the FLRA." Plaintiff has failed to allege any factual allegations. Plaintiff has simply made a conclusory statement to support his claim. Indeed, Plaintiff has not stated what the harassing acts were, what the "cease and desist" order is, or how Defendant violated it. Therefore, Plaintiff's Complaint fails to allege facts to support this claim, and it fails to state a claim on which relief may be granted.

### 3. FOIA Violation

Finally, Plaintiff states in his Complaint that he is "requesting injunctive relief relating to a connected Freedom of Information Act request the Agency has not replied to."

The Freedom of Information Act was "enacted to maintain an open government and to ensure the existence of an informed citizenry 'to check against corruption and to hold the governors accountable to the governed.'" Ethyl Corp. v. United States EPA, 25 F.3d 1241, 1245 (4th Cir. 1994) (quoting NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978)). The FOIA requires a government agency to "provide information to the public on request if the request 'reasonably describes' the record sought and is made in accordance with published agency rules for making requests." Ethyl Corp., 25 F.3d 1245 (quoting 5 U.S.C. § 552(a)(3)). The agency must provide an appropriate response within twenty days,

4

excepting Saturdays, Sundays, and legal public holidays, of the receipt of the request. 5 U.S.C. § 552(a)(6).

In this case, Plaintiff attached his alleged FOIA request to his Complaint. Although the date of the letter is Tuesday, June 17, 2014, it is unclear when and if the letter was mailed to the Office of Resolution Management and when it was received. A government agency must provide an appropriate response within twenty days of receipt. However, Plaintiff has also failed to allege that the Office of Resolution Management received his FOIA request and failed to provide a response within twenty days of receipt of the request. Therefore, Plaintiff's Complaint does not make factual allegations sufficient to state a claim for relief.

### III. Conclusion

Accordingly, the Court **ORDERS** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be **DENIED AS MOOT** and Plaintiff's Complaint be **DISMISSED without prejudice**. The Court **FURTHER ORDERS** the case to be **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to send a copy of this Order to all counsel of record and any *pro se* parties herein.

**DATED:** August 18, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE